UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY C. SMITH,

      Plaintiff,

v.

ROCKET MORTGAGE LCC, et al.,

      Defendants.

25-CV-6468-MAV
DECISION & ORDER

*Pro se* Plaintiff, Jeffrey C. Smith, filed a complaint and motion for a temporary restraining order ("TRO") on September 9, 2025, seeking to enjoin the foreclosure of a piece of real property of which he is the owner and to enjoin all further attempts by Defendants to collect on the mortgage thereon. ECF Nos. 1, 4. Plaintiff's complaint raises several claims including violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), mail fraud, wire fraud, and antitrust violations, and seeks declaratory and injunctive relief, compensatory, statutory, and punitive damages, reasonable costs and expenses of suit, and the Defendants' imprisonment. *See* ECF No. 1 at 3–4, 6–7.

Plaintiff did not pay the filing fee and filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 2. Because Plaintiff's application is incomplete, his request to proceed IFP is denied without prejudice, and his case is administratively closed. As set forth below, the Clerk of Court shall administratively terminate this action. If Plaintiff wishes to reopen this case, he must notify the Court in writing **within 45 days of the date of this Order** and must include either (1) a complete IFP

1

application or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total).

Furthermore, the Court finds that it lacks subject matter jurisdiction to adjudicate Plaintiff's request for injunctive relief. Therefore, his motion for a TRO is denied.

## BACKGROUND

According to Plaintiff's complaint and motion for a TRO, he is the "equitable and beneficial owner" of the property at issue located in Naples, New York (the "Property"). ECF No. 4 at 1. He entered into a loan transaction with Defendant Rocket Mortgage, LLC ("Rocket Mortgage"), which he alleges is unenforceable because it "lacked two wet-ink signatures." ECF No. 1 at 2. He alleges, *inter alia*, that Rocket Mortgage "securitized Plaintiff's promissory note into mortgage-backed securities without disclosure," continued to attempt to collect on the mortgage on the Property despite his cease-and-desist letter, and refused to except his "lawful payment via Bill of Exchange and IRS Form 1099-A to discharge the debt obligations . . . demanding 'U.S. dollars only.'" *Id.* Plaintiff also alleges that Defendant Nicole DiStasio, an attorney working for Defendant LOGS Legal Group LLP, acted as debt collectors and initiated "foreclosure proceedings in state court without compliance with the FDCPA [Fair Debt Collection Practices Act]," and conspired with Rocket Mortgage and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") "to deprive Plaintiff of property rights." *Id.* Plaintiff's motion for a TRO argues he is entitled to

relief because "Defendants continue to pursue foreclosure despite Plaintiff's lawful tenders of discharge and repeated objections." ECF No. 4 at 1.

Plaintiff attached several exhibits to his complaint, including a July 30, 2025 "Order Granting Summary Judgment/Default Judgment and Order of Reference" issued by the Supreme Court of the State of New York, County of Yates, in favor of Rocket Mortgage and against Plaintiff. ECF No. 1 at 22–24. Although there appear to be pages missing from the state court's order, it is clear that the state court struck Plaintiff's (there, the defendant's) answer, and granted summary judgment and default judgment to Rocket Mortgage in its action to foreclose on the Property. *Id.*; *see id.* at 73 (DiStasio's affirmation in support of Rocket Mortgage's motion for summary judgment and order of reference, stating "[t]his action was brought to foreclose a Mortgage for failure of Defendant, Jeffrey C. Smith, to make said Mortgage payments to Plaintiff [Rocket Mortgage] pursuant to the terms of the Mortgage and the Note secured thereby."). In the state foreclosure proceedings, Rocket Mortgage argued it was entitled to summary judgment as against Plaintiff Smith here because "there is no defense" to its cause of action. *Id.* at 71. As noted, the state court granted summary judgment and default judgment to Rocket Mortgage. *Id.* at 22–24.

## DISCUSSION

### I.    Plaintiff's Motion to Proceed IFP

Under 28 U.S.C. § 1915(a)(1), a plaintiff seeking to bring a civil action IFP must submit an affidavit or affirmation detailing his or her assets and liabilities,

including monthly living expenses, and swearing under oath that the plaintiff is unable to pay the filing fee. The United States District Court for the Western District of New York has made available a form IFP motion with supporting affirmation ("Court IFP Form")[1] that is designed to help *pro se* litigants (such as Plaintiff here) comply with 28 U.S.C. § 1915(a)(1).

"The *in forma pauperis* statute provides that a party may proceed without prepayment of fees if that party 'submits an affidavit that includes a statement of all [of the party's] assets' and the court then determines that the party is unable to pay the otherwise required filing fee." *First Keystone Consultants, Inc. v. Kalish*, No. 13-CV-5140, 2013 WL 9047160, at *4 (E.D.N.Y. Sept. 27, 2013) (quoting 28 U.S.C. § 1915(a)(1)), *report and recommendation adopted* 2014 WL 3696086 (E.D.N.Y. July 24, 2014). Plaintiff bears the burden of establishing her indigence. *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). "[O]ne [need not] be absolutely destitute to enjoy the benefit" of the IFP statute. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Potnick*, 701 F.2d at 244 ("Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life.").

Rather, "[a]n affidavit to proceed *in forma pauperis* is sufficient if it indicates that one cannot, because of his poverty, afford to pay the costs of litigation and still provide himself and his dependents with the necessities of life." *Kilichowski v. Hocky*,

---

[1] Available at https://www.nywd.uscourts.gov/sites/nywd/files/ProSe_Forms_IFPApplicationForm.pdf

No. 99-CV-2874, 1999 WL 504285, at *1 (E.D.N.Y. July 5, 1999). "In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (*quoting Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978)).

Although Plaintiff submitted an affidavit in support of his motion to proceed IFP, the information provided is incomplete and what was provided obscures details that are required for the Court to sufficiently assess whether Plaintiff qualifies for IFP status. Plaintiff's claims to receive $2,020 per month in Social Security benefits, and claims that his monthly expenses are also exactly $2,020. ECF No. 2 at 1–2. Plaintiff does not itemize any expenses as required by the Court's IFP Form, nor is it clear whether or how the mortgaged Property is accounted for in Plaintiff's claimed expenses. In fact, despite his federal action arising out of his stated ownership of the Property, the Property and any details about expenses therefrom are entirely absent from Plaintiff's application. Among additional omissions, Plaintiff fails to identify who else, if anyone, is in his household and the amount of money, if any, each one contributes to household expenses, whether he has declared bankruptcy in the last 10 years, how much cash he has on hand, and information about his last employment (the Court understanding from his application that Plaintiff is not presently employed).

Accordingly, Plaintiff's motion to proceed IFP is denied without prejudice. Plaintiff is advised to utilize the Court's IFP Form to ensure that all required information for consideration is provided in any future effort to seek IFP status. This federal action shall be administratively closed, and as discussed below, Plaintiff's motion for a TRO must also be denied.

## II.    Plaintiff's Motion for a TRO

Under the Anti-Injunction Act and *Younger* abstention, the Court finds that it lacks subject matter jurisdiction over Plaintiff's motion for a TRO. Plaintiff may elect to pursue the relief he seeks in state court to the extent it is available, but this Court does not have jurisdiction to adjudicate Plaintiff's requests for injunctive relief, which at their core seek review and reversal of state court orders.

### A. Anti-Injunction Act

"Courts in the Second Circuit consistently have held that the Anti-Injunction Act bars federal actions that attempt to enjoin state court foreclosure proceedings." *Manning v. City of New York*, No. 24 CIV. 4747 (LGS), 2024 WL 3377997, at *2–3 (S.D.N.Y. July 11, 2024) (collecting cases). The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. 2283; *Kaplan v. Reed Smith LLP*, 919 F.3d 154, 159 (2d Cir. 2019). "[A]ny injunction against state court proceedings otherwise proper . . . must be based on one of the specific statutory exceptions [in the Act] if it is to be upheld." *Atl. Coast Line R.R. Co. v. Bhd. of*

*Locomotive Eng'rs*, 398 U.S. 281, 287 (1970); *accord Ochei v. Lapes*, No. 19 Civ. 3700, 2020 WL 528705, at *3 (S.D.N.Y. Jan. 31, 2020). The exceptions to the Anti-Injunction Act are narrow. *See Wyly v. Weiss*, 697 F.3d 131, 137–39 (2d Cir. 2012); *Kaplan*, 919 F.3d at 159. State-court proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately" the United States Supreme Court. *Szymonik v. Connecticut*, 807 F. App'x 97, 100 (2d Cir. 2020) (quotation omitted).

On July 30, 2025, a state court granted summary judgment and default judgment in favor of Rocket Mortgage in its foreclosure action. *See* ECF No. 1 at 22–24, 71, 73. Plaintiff's requests for injunctive relief in federal district court to enjoin the foreclosure of the Property and/or further collection attempts are plainly barred by the Anti-Injunction Act. His motion for a TRO does not fall within any of the three Anti-Injunction Act exceptions as (1) there is no congressional Act exempting foreclosure actions from the Anti-Injunction Act, (2) there is no evidence that the state court proceeding is *in rem* and (3) there have not been extensive federal court proceedings nor has this Court entered any judgments that would require protection from the state court. *See Wyly*, 697 F.3d at 137–39 (the in-aid-of-jurisdiction exception applies only to *in rem* proceedings or where extensive federal litigation preceded the state court litigation and the re-litigation exception implements claim and issue preclusion principles).

Plaintiff's motion for a TRO is barred by the Anti-Injunction Act.

### B. Younger Abstention

Plaintiff's motion for a TRO is also barred by *Younger* abstention. The *Younger* abstention doctrine cautions against enjoining or otherwise interfering in ongoing state proceedings. *See Sprint Comms., Inc. v. Jacobs*, 571 U.S 69, 77–78 (2013); *Trump v. Vance*, 941 F.3d 631, 637 (2d Cir. 2019), *aff'd and remanded*, 591 U.S. 786 (2020). *Younger* abstention is appropriate in three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions" and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint*, 571 U.S. at 72–73; *accord Ajaero*, 2023 WL 7386583, at *5. "*Younger* abstention is grounded partly on traditional principles of equity, but primarily on the even more vital consideration of comity," reflecting a "proper respect for state functions, a recognition of the . . . separate state governments, and a . . . belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Trump*, 941 F.3d at 637.

"*Younger* abstention is applicable to attempts to enjoin state court foreclosure proceedings, as foreclosure actions 'concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide the plaintiff with an adequate forum to make the arguments he seeks to raise in this court.'" *Manning*, 2024 WL 3377997, at *3 (quoting *Ochei*, 2020 WL 528705, at *4); *accord Toczek v. Alvord*, 841 F. App'x 263, 266 (2d Cir. 2021) (state court orders "relating to [plaintiff's] foreclosure are uniquely in furtherance of the

state courts' ability to perform their judicial functions and implicate a state's interest in enforcing the orders and judgments of its courts.").

Plaintiff's motion for a TRO seeking to enjoin foreclosure of the Property—being addressed in the Supreme Court of the State of New York, County of Yates—and further collection efforts is barred by *Younger* abstention.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for a TRO, ECF No. 4, is DENIED WITHOUT PREJUDICE to his ability to pursue relief in state court, to the extent that relief is available; and it is further

ORDERED that Plaintiff's motion to proceed IFP, ECF No. 2, is DENIED WITHOUT PREJUDICE, and the Clerk of Court shall administratively terminate this action without filing the complaint or assessing a filing fee; and it is further

ORDERED that if Plaintiff wishes to reopen this action, he shall so notify this Court, in writing, **no later than 45 days from the date of this Order**. Such writing must include either (1) a properly supported motion to proceed IFP or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total); and it is further

ORDERED that the Clerk of Court shall also mail to Plaintiff a copy of this Decision and Order, and updated docket sheet, and a Court IFP Form; and it is further

ORDERED that should Plaintiff submit either (1) a motion to proceed IFP or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total), within the time allotted above, the Clerk of Court shall reopen this case without further order.

SO ORDERED.

Dated:  September ⏐⏐, 2025
         Rochester, New York


                                    _____
                                    HON. MEREDITH A. VACCA
                                    UNITED STATES DISTRICT JUDGE